IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division
Case No.: 9:21-cv-80896
(Consolidated)

**CASEY M. WHITE,** *et al.,*

    Plaintiffs,
v.                                                                                          (*Referred to Judge Matthewman*)

**GM LAW FIRM, LLC,**

    Defendants.
_____/

**DEFENDANT'S VERIFIED MOTION TO OVERRULE OBJECTIONS AND
TO COMPEL DOCUMENTS RESPONSIVE TO DEFENDANT'S
SECOND REQUEST FOR PRODUCTION & FOR FEES**

Pursuant to Local Rule 7.1 and Rule 37, Defendant GM Law Firm, LLC hereby files its Motion to Overrule Objections and to Compel Production of Documents Responsive to Defendant's Second Request for Production, and for Attorney Fees. The offending response to the request for production is attached as Exhibit A.

1. Once again the Plaintiffs are putting up unnecessary and baseless roadblocks to discovery. This is the FOURTH discovery motion the Defendant has filed since February 16, 2023.

2. On February 9, 2023, the parties discussed via email entry of a confidentiality order in this case. Defendant proposed an order that was substantively identical to the stipulated order entered in prior litigation in the Central District of California known as the *Grijalva* matter. Plaintiffs initially objected to any confidentiality order and specifically stated: "We have significant overlap with discovery that was taken in the *Grijalva* case. How do you propose that we treat discovery materials from *Grijalva*? Particularly, if I need to use prior deposition transcripts for impeachment or other purposes." (emphasis added).

Page **1** of **5**

3. This was odd because the stipulated confidentiality order in *Grijalva* required destruction of documents at the conclusion of the case. Plaintiffs' lead counsel, Macy Hanson, was lead counsel in *Grijalva*. Not only did Mr. Hanson not destroy or return documents, as required by the *Grijalva* order, but he has expressly indicated his intent to use documents from *Grijalva* in this pending matter. (Mr. Hanson also vaguely suggested he disagreed with confidential designations in *Grijalva*, but apparently no agreement was reached by the parties and Mr. Hanson never raised the issue with the presiding court despite the procedures in the *Grijalva* order).

4. Realizing that the Plaintiffs still possessed and intended to use documents from *Grijalva*, Defendant <u>immediately</u> served a request for production on the Plaintiffs seeking two discrete sets of documents. First, Defendant sought any document production from any of the *many* defendants in *Grijalva*. Second, Defendant sought any communications or agreements between the parties in *Grijalva* concerning the confidential designation.

5. On March 3, 2023, the Plaintiffs responded by making identical but baseless objections to both requests.

### *Offending Requests for Production*

<u>Request No. 1</u>: All documents, including electronic documents, that were produced by any Defendant in the action known as *Grijalva v. Kevin Mason, P.A., et. al.*, C.D. Cal. Case No. 8:18-cv-02010-MCS.

<u>Answer</u>: Objection. This request for production is a thinly veiled attempt to subpoena the entire case file of opposing counsel from prior litigation. First, this request is not narrowly tailored to request only discoverable information. Second, the request seeks information that is not reasonably calculated to lead to the discovery of any admissible evidence at trial in this case. Third,

this request for production is only propounded to Casey White in name only. This is an improper attempt to obtain opposing counsel's case file from prior litigation against this same Defendant. Opposing counsel is not a party to this case.

<u>Defendant's Argument</u>: GM Law Firm clarified during the meet and confer process that it was only seeking the document production from the many defendants in *Grijalva* to the plaintiffs in *Grijalva*. These are documents responsive to Mr. Hanson's own requests for production, so he cannot credibly argue that they are not relevant. Plaintiffs' objections here are baseless as the request is not "a thinly veiled attempt to subpoena the entire case file of opposing counsel from prior litigation." GM Law Firm made it very, very clear that it was only seeking the document production from the defendants in that case, *i.e.*, documents requested by Mr. Hanson. It is hypocritical and bad faith for Mr. Hanson to first not destroy documents produced in *Grijalva*, as required by the confidentiality order in *Grijalva*, and then to expressly indicate that discovery in this case "significantly overlaps with discovery from *Grijalva*," and then to refuse to produce the discovery from *Grijalva*.

Defendant was, however, able to obtain documents produced by two of the defendants in Grijalva, National Legal Staffing Support, LLC and Resolvly, LLC (both of which are dismissed defendants in this action). So, Defendant is requesting all produced documents from any defendant in *Grijalva* other than documents produced by National Legal Staffing Support, LLC and Resolvly, LLC. Plaintiffs cannot "there is significant overlap with *Grijalva*" and not produce the produced documents from *Grijalva*.

<u>Request No. 2</u>: All documents, including electronic documents, that refer or relate to any change in a deposition or a produced document's status from "confidential" to not confidential, including any court order, filed stipulation, or any informal agreement via email, etc.

Answer: Objection. This request for production is a thinly veiled attempt to subpoena portions of the case file of opposing counsel from prior litigation. First, this request is not narrowly tailored to request only discoverable information in this case. This request is overly broad. Second, the request seeks information that is not reasonably calculated to lead to the discovery of any admissible evidence at trial in this case. The request only seeks information that is outside the scope of discovery in this case. Third, this request for production is only propounded to Casey White in name only. This is an improper attempt to obtain opposing counsel's case file from prior litigation against this same Defendant. Opposing counsel is not a party to this action.

Defendant's Argument: Mr. Hanson retained documents, including documents designated confidential, in violation of the protective order entered in *Grijalva*. He has indicated his intent to use documents from *Grijalva* in this case. Mr. Hanson claims he objected to various confidentiality designations, although there is no record evidence that the parties in *Grijalva* reached any agreement concerning the designation nor is there is evidence that Mr. Hanson sought court intervention with respect to those designations.  Request number 2 requests any emails or stipulations or court orders, etc., concerning a change to a produced document's confidential designation.  (Based upon undersigned counsel's investigation, including discussions with one of the lead defense lawyers in *Grijalva*, there are no responsive documents to this request).   Mr. Hanson (an agent of the Plaintiffs) must either indicate there are no responsive documents or he must produce those documents.

## *Conferral*

Pursual to Local Rule 7.1.A.3, the parties emailed throughout March 6 and 7, 2023 about this issue.  Defense counsel offered to speak on the phone about the matter, but the Plaintiffs declined. Plaintiffs maintained all objections and no agreement was reached. Plaintiffs' non-

responsiveness is not "substantially justified" and thus an award of fees and costs is required. *See Simmons v. Orbis Corp.*, 2010 WL 216968, *5 (N.D. Ga. May 13, 2010) (awarding fees and costs).

### *Conclusion*

For the reasons stated above, Defendant requests an order overruling all objections and requiring the Plaintiffs to produce all responsive documents or indicate that there are no responsive documents no later than March 17, 2023 and ordering them to pay fees and costs necessarily incurred in drafting this motion.

Respectfully submitted,

/s/ Matthew Sarelson
Florida Bar 888281
**DHILLON LAW GROUP, INC.**
Attorneys for Defendant GM Law Firm, LLC
1601 Forum Place, Suite 403
West Palm Beach, FL 33401
305.773.1952
msarelson@dhillonlaw.com

### **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 9, 2023

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.