UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80896-SINGHAL/MATTHEWMAN

CASEY M. WHITE, et al.,

    Plaintiffs,

vs.

GM LAW FIRM, LLC,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO SEAL CONFIDENTIAL RECORDS AND FOR EXTREME SANCTIONS [DE 248]

**THIS CAUSE** is before the Court upon Defendant, GM Law Firm, LLC's ("Defendant") Emergency[1] Motion to Seal Confidential Records and for Extreme Sanctions ("Motion") [DE 248]. The matter was referred to the undersigned United States Magistrate Judge by the Honorable Raag Singhal, United States District Judge. [DE 249]. Plaintiffs, Casey M. White, Patricia A. Crimmins, Lindsey Crits, Evan Wendt, Elizabeth Ripoli, Jennifer Coley, and Nathan Montalvo ("Plaintiffs"), have filed a response [DE 251], and Defendant has filed a reply [DE 256]. The Court has carefully reviewed the Motion, response, and reply, as well as the entire docket in this case, and, in particular, the Order dated May 25, 2023 [DE 244] and the transcript of the discovery hearing held on May 23, 2023 [DE 255].

It is undisputed that Plaintiffs filed certain individual pages of Leadtrac notes on the public

---

[1] The Court previously disposed of the "emergency" portion of the Motion. *See* DE 249.

1

docket in this case. *See* DEs 246-13, 246-14, 246-15, 246-16, 246-17, 246-18, 247-9, 247-10, 247-12, 247-13, 247-14, 247-15 and 247-16. The Court has since ordered those exhibits sealed. [DE 249].

The issue now is what sanctions, if any, should be imposed upon Plaintiffs' counsel for filing the Leadtrac notes publicly. Defendant argues that Plaintiffs' counsel clearly violated a Court Order and that serious sanctions, such as monetary sanctions, referral to the State Bars, referral to this Court's professional committee, and/or revocation of pro hac vice status, are warranted. [DE 248 at 3–4].

In response, Plaintiffs assert that "what the Court's actual oral ruling on the confidentiality of Plaintiffs' Leadtrac notes made clear is that the Plaintiffs were permitted to quote to, and file, relevant portions of the Plaintiffs' Leadtrac notes in their response to summary judgment materials without filing them under seal." [DE 251 at 4]. According to Plaintiffs, they "engaged in the absolute bare minimum of citation, quoting, and references required to meet the Court's substantiation and citation rules." *Id.* at 8. Plaintiffs seek an award of attorney's fees and costs against Defendant and also that the exhibits be unsealed. *Id.* at 3, 9.

In reply, Defendant argues that "Plaintiffs' response is either misleading or they're being too cute with the Court's prior order. The Court made it abundantly clear both in a written order [D.E. 244] and in open court on May 23, 2023 that the Leadtrac notes should remain confidential, but the Plaintiffs could instead *reference* telephone calls and other communications that are contained within the Leadtrac notes." [DE 256 at 1]. Defendant also maintains that, if Plaintiffs were at all confused, they should have contacted the Court or counsel for Defendant. *Id.* at 2. Finally, Defendant argues that, since its counsel "had to clear his morning to file an emergency

motion to seal confidential documents," "at least an award of attorney's fees and costs" is warranted. *Id.* at 3.

The Court has carefully reviewed Motion, response, and reply, the Court's May 25, 2023 Order [DE 244], and the relevant hearing transcript [DE 255]. The Court previously ruled as follows:

> Plaintiffs' Verified Motion to Deem Defendant's Production of Plaintiffs' Leadtrac Notes as Non-Confidential under Protective order and Request for Reasonable Attorneys' Fees [DE 225] is GRANTED IN PART AND DENIED IN PART. As stated in the Court's prior Order [DE 231], the business processes utilized by Defendant and non-parties Resolvly, LLC, and National Legal Staffing Support and the manner in which they maintained their Leadtracs notes is confidential and proprietary, but not all of the contents of the Leadtrac notes are confidential. Thus, while Plaintiffs are not permitted to file or disseminate the Leadtrac notes themselves, they are free to, for example, cite to or quote excerpts from the notes regarding telephone calls and emails with Plaintiffs in their response to the pending motions [DEs 215, 226, 240] filed by Defendant. If Plaintiffs later have an additional good-faith need to disclose portions of the Leadtrac notes (without disclosing the business processes utilized by Defendant and the non-parties) for purposes other than responding to the pending motions noted above, they shall file a motion to that effect. This dispute is really a tempest in a teapot, as Plaintiffs have received in discovery the entirety of the Leadtrac notes, and they may use relevant portions thereof in motions and other filings without the necessity of filing the entirety of the Leadtrac notes.

[DE 244 at 2]. At the hearing that preceded the Order, the Undersigned did state in open court that Plaintiffs could refer to portions of the Leadtrac notes and that Plaintiffs could not file the entirety of the Leadtrac notes. [DE 255 at 18–20].

The Court did not intend for Plaintiffs to file actual pages of the Leadtrac notes. It intended for Plaintiffs to "cite to or quote excerpts" from the Leadtrac notes. However, it appears to the Court that Plaintiffs' counsel legitimately misunderstood the Court's ruling. The fact that Plaintiffs filed single pages of Leadtrac notes entirely out of context demonstrates that Plaintiffs were

attempting to abide by the intent behind the Court's ruling (protecting the confidential and proprietary business practices of Defendant and the non-parties). Thus, sanctions against Plaintiffs' counsel are unwarranted. However, Plaintiffs' counsel are explicitly put on notice that they are not permitted to publicly file any pages of Leadtrac notes whatsoever in the future. They can reference the notes or take excerpts from them, but they cannot file the notes themselves on the public docket absent explicit advance Court approval. If Plaintiffs' counsel believe they need to file any portions of the actual Leadtrac notes, they shall file a motion to seal for the Court's consideration.

Finally, the Court is extremely disappointed in both Plaintiffs' counsel and Defendant's counsel in this case. The incessant bickering continues unabated. If they had properly conferred, this entire dispute could have been avoided. No award of attorney's fees and costs shall be granted in favor of either side as the conduct of the attorneys in this case caused this completely unnecessary dispute. The Court has tried to be patient with counsel in this case. However, the Court is losing its patience with counsel in this case and warns them to abide by all rules and orders, and act professionally and ethically in this case, or face sanctions.

Based on the foregoing and the entire record, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Seal Confidential Records and for Extreme Sanctions [DE 248] is **GRANTED IN PART AND DENIED IN PART**.

2. The filings sealed by Judge Singhal should remain sealed.

3. No sanctions shall be imposed against Plaintiffs or their counsel.

4. All parties' requests for an award of attorney's fees and costs are DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of June, 2023.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge