UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80896-SINGHAL/MATTHEWMAN

CASEY M. WHITE, et al.,

    Plaintiffs,

v.

GM LAW FIRM, LLC,

    Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S VERIFIED MOTION FOR SANCTIONS DUE TO PLAINTIFFS' FAILURE TO ATTEND MEDIATION [DE 257]**

**THIS CAUSE** is before the Court upon an Order of Reference from the Honorable United States District Judge Raag Singhal [DE 271] to issue a Report and Recommendation on Defendant, GM Law Firm, LLC's ("Defendant") Verified Motion for Sanctions due to Plaintiffs' Failure to Attend Mediation ("Motion") [DE 257]. The Motion is fully briefed. *See* DEs 261, 262. The Court heard argument on the Motion on December 7, 2023. This matter is now ripe for review.

    **I.**    **BACKGROUND OF THIS FEDERAL LAWSUIT**

On May 18, 2021, Plaintiffs Casey M. White and Patricia A. Crimmins filed their Complaint against several defendants, including Defendant GM Law Firm, LLC ("Defendant"). [DE 1]. This case was later consolidated with a related case, Case No. 21-cv-81127-AHS. [DE 85]. Ultimately, after a great deal of motion practice, only Defendant GM Law Firm, LLC remained as a defendant in this case. *See* DE 167; 168; 169; 172.

On November 22, 2022, Plaintiffs, Casey M. White, Patricia A. Crimmins, Nathan Montalvo, Lindsey Crits, Evan Wendt, Elizabeth Ripoli, and Jennifer Coley ("Plaintiffs") filed an

Amended Complaint against Defendant GM Law Firm, LLC [DE 170, Am. Compl]. The Amended Complaint alleges breach of fiduciary duty (Count One) and rescission of contract and return of fees paid (Count Two). *Id.*

On March 16, 2023, the Court entered an Amended Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [DE 200]. In relevant part, the Order stated that "Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2." *Id.* at 2.

## II.     THE PARTIES' ARGUMENTS

### A.     Defendant's Motion [DE 257]

According to the Motion, mediation was scheduled to take place by Zoom on June 12, 2023. [DE 257 at 1]. Joshua Horton, Esq., one of Plaintiffs' attorneys appeared on time, but Macy Hanson, Esq., another of Plaintiffs' attorneys, appeared late. *Id.* None of the seven Plaintiffs appeared initially. *Id.* Two Plaintiffs appeared late but with audio and no video. *Id.* at 2. Additionally, Plaintiffs failed to submit the required mediation statement. *Id.* An impasse was declared by the mediator 75 minutes after the mediation started. *Id.*

Defendant argues that Local Rule 16.2(d) requires all parties to appear for mediation and also requires that all participants must appear by both audio and video when mediation is conducted via Zoom. [DE 257 at 2]. Defendant explains that it "is not seeking sanctions due to the Plaintiffs' failure to participate in good faith; Defendant is seeking sanctions due to the Plaintiffs' failure to appear." *Id.* Specifically, Defendant is requesting that the Court order Plaintiffs to reimburse Defendant for its 50% share of the cost of the mediation and four hours of attorney time at the rate of $600 per hour, for a total award of $3,650. *Id.* at 3. Defendant alternatively requests that the Court order a second mediation to occur in person. *Id.*

B.     Plaintiffs' Response [DE 261]

In response, Plaintiffs argue that they "all attended the virtual mediation held in this case, consistent with the applicable rules, and to the satisfaction of the mediator," who "successfully conducted the mediation, without issue." [DE 261 at 2]. They claim that the Motion is a "punitive act against the Plaintiffs and their counsel for not agreeing to settle this case during the mediation." *Id.* at 3. According to Plaintiffs, any additional in-person mediation would be futile and wasteful. *Id.* They seek "Court intervention on the dilatory tactics by Defendant." *Id.*

C.     Defendant's Reply [DE 262]

Defendant explains that, in Plaintiffs' response, they do not dispute any of the facts asserted in the Motion. [DE 262 at 1]. Next, Defendant argues that "Plaintiffs [ ] fail to address Local Rule 16.2(d). Their silence is a concession of the violation." *Id.* Defendant maintains that "[o]ne side of this lawsuit spent time, money and effort to comply with the Local Rules; the other side did not. This is unfair to the Defendant." *Id.* at 2. Thus, the Court should reimburse Defendant $3,650 due to Plaintiffs' failure to attend mediation. *Id.*

## III.     LEGAL STANDARD

The burden of proof for imposing fees as a sanction under the Court's inherent authority is clear and convincing evidence that sanctions are justified. *Weinstock v. Storm Tight Windows, Inc.*, 20-CV-60256, 2021 WL 3239460, at *6 (S.D. Fla. July 20, 2021), *report and recommendation adopted*, 20-60256, 2021 WL 3203536 (S.D. Fla. July 28, 2021); *GE Med. Sys. S.C.S. v. SYMX Healthcare Corp.*, 18-cv-20922, 2021 WL 821433, at *20 (S.D. Fla. Mar. 4, 2021); *In re Engle Cases*, 283 F. Supp. 3d 1174, 1225 (M.D. Fla. 2017). It is within the Court's discretion to award fees under the Court's inherent authority. *See United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) ("The application of an abuse-of-discretion review recognizes the range of possible

conclusions the trial judge may reach."). A motion seeking sanctions under the Court's inherent powers requires a showing of bad faith conduct. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (citing *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018)). "In the context of inherent powers, the party moving for sanctions must show *subjective* bad faith." *Id.* (citing *Hernandez*, 898 F.3d at 1306; *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017)).

## IV.   DISCUSSION AND ANALYSIS

At the December 7, 2023 hearing, Plaintiffs' counsel asserted that Plaintiffs were reluctant to join the main room of the Zoom mediation because of how Plaintiffs were treated at their depositions in this case. Plaintiffs' counsel represented that certain Plaintiffs appeared in the mediation breakout room and that counsel had an arrangement with the remaining Plaintiffs whereby counsel would communicate settlement offers to those Plaintiffs by telephone. Plaintiffs' counsel also represented that the mediator had no issue with this arrangement and permitted it.

Southern District of Florida Local Rule 16.2(e) states that "[u]nless excused in writing by the Court, all parties and required claims professionals . . . must participate in the mediation conference with full authority to negotiate a settlement as follows (i) if the mediation is being conducted by video-conference, participation requires connecting to and participating via video and audio in the mediation conference." S.D. Fla. L.R. 16.2(e).

While Plaintiffs did technically violate the Local Rule, the Court finds that, in light of the specific facts of this case, Defendant's Motion is due to be denied. While Plaintiffs and their counsel may not have employed best practices, Defendant has not established subjective bad faith. Defendant has failed to adduce sufficient evidence to support the grant of the pending Motion. Furthermore, it does not appear that an in-person mediation would in any way be fruitful at this

4

juncture as the parties and their counsel continue to fight over every conceivable issue in this case—including mediation. Moreover, the fact that the private mediator permitted the procedure employed by Plaintiffs and Plaintiffs' counsel at the mediation militates against the imposition of sanctions.

## V.     CONCLUSION

In light of the foregoing the undersigned United States Magistrate Judge **RECOMMENDS** that Defendant's Verified Motion for Sanctions due to Plaintiffs' Failure to Attend Mediation [DE 257] be DENIED for the reasons stated in this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

In light of the imminent upcoming pretrial deadlines, and in light of the language contained in Federal Rule of Civil Procedure 1, the Undersigned shall hereby shorten the time for the parties to file objections to this Report and Recommendation, as authorized under Southern District of Florida Magistrate Judge Rule 4(a). Accordingly, the parties shall have seven (7) calendar days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of December 2023.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge