UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80896-SINGHAL/MATTHEWMAN

CASEY M. WHITE, et al.,

    Plaintiffs,

v.

GM LAW FIRM, LLC,

    Defendant.

_____/

FILED BY ___SW___ D.C.

Dec 13, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT II (RESCISSION) [DE 215]

**THIS CAUSE** is before the Court upon an Order of Reference from the Honorable United States District Judge Raag Singhal [DE 271] to enter a Report and Recommendation on Defendant, GM Law Firm, LLC's Motion for Judgment on the Pleadings as to Count II (Rescission) ("Motion") [DE 215]. The Motion is fully briefed. *See* DEs 219, 222. The Court heard argument on the Motion on December 7, 2023. This matter is now ripe for review.

### I.  BACKGROUND

On May 18, 2021, Plaintiffs Casey M. White and Patricia A. Crimmins filed their Complaint against several defendants, including Defendant GM Law Firm, LLC ("Defendant"). [DE 1]. This case was later consolidated with a related case, Case No. 21-cv-81127-AHS. [DE 85]. Ultimately, after a great deal of motion practice, only Defendant GM Law Firm, LLC remained as a defendant in this case. *See* DE 167; 168; 169; 172.

On November 22, 2022, Plaintiffs, Casey M. White, Patricia A. Crimmins, Nathan Montalvo, Lindsey Crits, Evan Wendt, Elizabeth Ripoli, and Jennifer Coley ("Plaintiffs") filed an

Amended Complaint against Defendant GM Law Firm, LLC [DE 170, Am. Compl]. The Amended Complaint alleges breach of fiduciary duty (Count I) and rescission of contract and return of fees paid (Count II). *Id.* Of note, there is a section of the Amended Complaint titled "Tolling of the Applicable Statutes of Limitations," which alleges as follows:

> 114. Plaintiffs had no way of knowing the true nature and extent of Defendants' illegal advance-fee "student loan debt elimination" telemarketing scheme necessary to prosecute their claims until the following dates, respectively: Casey White and Patricia Crimmins, July 19, 2019; Nathan Montalvo, February 24, 2021; Lindsey Crits, early October 2019 (the date of service of the state court collection suit against her); Evan Wendt, October 2018; Elizabeth Ripoli, December 2018; and Jennifer Coley, December 2018.
>
> 115. GM Law Firm was under a continuous and constant duty to disclose to the Plaintiffs the true character, quality, and nature of the legal representation, and other "student loan debt elimination" services that it, and its agents, was providing.
>
> 116. GM Law Firm, and its agents, knowingly and actively concealed their illegal advance fee "student loan debt elimination" telemarketing scheme, and the Plaintiffs reasonably and detrimentally relied upon Defendant's knowing and active concealment. Plaintiffs, respectively, had no way of knowing the true character, quality, and nature of the legal representation for which they had been charged prior to the dates, listed above.
>
> 117. Accordingly, the applicable statutes of limitations have been tolled by operation of the discovery rule and Defendant's concealment with respect to all claims pleaded in this Amended Complaint. Due to this, Defendant is estopped from relying on any statutes of limitations in defense of this action.
>
> 118. Additionally, the statutes of limitations that apply to the claims of Plaintiffs, Evan Wendt, Elizabeth Ripoli, and Jennifer Coley (formerly Ackerman), are also tolled for the period of time that these Plaintiffs were named-Plaintiffs in the matter of *Grijalva v. Kevin Mason, P.A., et al.*, Cause No. 8:18-cv-2010-MCS (DFMx) (C.D. Cal.).

[Am. Compl. ¶¶ 114–118].

Count II of the Amended Complaint alleges as follows:

151. Each Plaintiff in this action, respectively, pleads a claim for rescission of the illegal Limited Legal Services Agreement that they were induced to execute by GM Law Firm or agents working on behalf of GM Law Firm.

152. All the Limited Legal Services Agreements that the Plaintiffs executed with GM Law Firm contain non-refundable, excessive, advance fee payment terms for telemarketed debt relief services that violate both the TSR of the FTC and Rule 4-1.5 of the Rules Regulating the Florida Bar.

153. These nonrefundable advance fee terms are illegal under the TSR and they are grossly excessive and impermissible under Rule 4-1.5 of the Rules Regulating the Florida Bar.

154. GM Law Firm has not eliminated, renegotiated, or settled any student loan debts of any of the Plaintiffs in this action.

155. Thus, all so-called "attorney's fees" that GM Law Firm has charged the Plaintiffs, all of whom were telemarketed by sales agents of GM Law Firm, are unlawful under the TSR and they are excessive and unreasonable under Rule 4-1.5 of the Rules Regulating the Florida Bar.

156. Each of the Plaintiffs made a unilateral mistake to enter into their respective Limited Legal Services Agreement with GM Law Firm for its student loan debt elimination "program".

157. The unilateral mistake of each Plaintiff to enter into the GM Law Firm Limited Legal Services Agreements at issue in this action were induced by the promises of complete debt elimination made by GM Law Firm's telemarketing sales agents.

158. Under the facts of this law, and the Florida law governing rescission of contract, the granting of rescission to the Plaintiffs in this case of their contractual obligations to GM Law Firm, with disgorgement of the illegal fees charged to the Plaintiffs by GM Law Firm and its agents, with pre and post-judgment legal interest, is warranted in this case.

[Am. Compl. ¶¶ 151–158]. Count II is specifically titled as "Recission of Contract and Return of Fees Paid." *Id.* at 33.

Defendant filed an Answer & Affirmative Defenses to Amended Complaint [Answer, DE 173] on December 5, 2022. Defendant denied Paragraphs 114–118 and also denied Paragraphs 152–158. *Id.* at 6, 8. It did, however, admit Paragraph 151. *Id.* at 8. With regard to affirmative defenses, Defendant pled in relevant part that "[o]ne or more claims fails to state a cause of action"

and that "[o]ne or both claims are time-barred" since the "statute of limitations is not tolled for either count." *Id.* at 9.

## II.     MOTION, RESPONSE, AND REPLY

A.     Defendant's Motion [DE 215]

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) against all Plaintiffs as to Count II (rescission) "due to the statute of limitations and due to rescission being an inappropriate remedy." [DE 215 at 1]. It argues that the statute of limitations for rescission is four years, and, "despite Plaintiffs' allegations in the Amended Complaint, the deadline is not tolled pursuant to either the delayed discovery doctrine or the existence of a prior lawsuit." *Id.* at 2. Defendant next asserts that Plaintiffs "have not alleged, much less plausibly alleged, how these personal service contracts could be rescinded to return all parties to the status quo as of 2015 and 2016." *Id.* at 1–2. According to Defendant, "the delayed discovery rule does not apply to contract or rescission claims" and the existence of a prior lawsuit in the Central District of California involving three of the plaintiffs in this case and which was dismissed without prejudice is "legally irrelevant." *Id.* at 4–5.

Defendant further asserts that the Amended Complaint fails to even allege the fourth and fifth elements required to sufficiently plead a rescission claim. *Id.* at 6. Finally, Defendant contends that the service contracts at issue cannot be rescinded and that "Plaintiffs provide no plausible explanation for how, 6 or 7 years after contract execution, they could restore the Defendant to the status quo as of 2015 or 2016." *Id.* at 7. Instead, "Count II reads more like a garden variety breach of contract action where the Plaintiffs allege that the Defendant did not comply with its obligations under the contract and is therefore seeking damages in the form of a refund of the fees Plaintiff paid to the Defendant." *Id.* at 7–8.

4

B. Plaintiffs' Response [DE 219]

In response, Plaintiffs first argue that their "breach of contract claims in this case expire, for statute of limitations purposes, four years from the date of the last (illegal) installment payment that the Plaintiffs made under the GM Law Firm student loan debt 'elimination' program, and not from the date that they, respectively, first entered into the GM Law Firm legal services agreement." [DE 219 at 1–2]. Plaintiffs also point out that the "issue raised in GM Law Firm's pending Rule 12(c) motion, DE 215, involves mixed questions of law and fact." *Id.* at 2. They assert that the law cited by Defendant with regard to the statute of limitations is inapplicable in the context of installment contracts. *Id.* at 3–4. Plaintiffs additionally maintain that whether the legal services contracts can be rescinded "is a factual inquiry that cannot be resolved at the Rule 12 stage in this case. The Plaintiffs allegations must be accepted as true." *Id.* at 5. And, given the facts pled in the Amended Complaint, Plaintiffs argue that "there is no reason to blindly accept GM Law Firm's assertion that Plaintiffs' legal services contracts cannot be rescinded." *Id.* at 5–6. More specifically, Plaintiffs believe that they would be made whole in terms of their economic damages if Defendant "were to refund [them] their illegal, advance, telemarketed legal fees, and pay them interest on these amounts." *Id.* at 6. Also, Plaintiffs explain that the "issue of the delayed discovery and the tolling of the statute of limitations applies to Plaintiffs' breach of fiduciary duty claims only." *Id.* Finally, Plaintiffs did not respond at all to Defendant's argument that Count II fails to include all the elements of a recission cause of action.

C. Defendant's Reply [DE 222]

In reply, Defendant first notes that the two cases relied on by Plaintiffs in support of their statute of limitations argument "stand for the generic and unremarkable proposition that, in an action for breach of an installment contract, the statute of limitations begins to run for each

installment individually if it is not paid when due." [DE 222 at 2]. According to Defendant, these cases would only be applicable if Defendant were suing Plaintiffs for failing to make their monthly payments, which is obviously not the situation here. *Id.* Defendant asserts that "Plaintiffs are literally arguing the exact opposite of the law." *Id.* at 3. Next, Defendant argues that "Plaintiffs claim that in 2021 they can file an action to rescind contract executed in 2015 if the Plaintiffs are making payment under the contract they seek to rescind. Plaintiffs cite zero supporting authority. Defendant has found none anywhere in Anglo-American jurisprudence." *Id.* Defendant identifies one Texas appellate decision, *Mai Thi Tran v. Luu*, No. 10-13-00308-CV, 2014 WL 1410345 (Tex. App. Apr. 10, 2014), that supports Plaintiffs' argument. *Id.* It further contends that "Plaintiffs do not address that Defendant cannot be restored to the *status quo* before the contracts as it has already provided years' worth of services to Plaintiffs" and "Plaintiffs seek damages in the form of a refund, a remedy at law which necessarily precludes the availability of rescission." *Id.* at 4. Finally, Defendant asserts that, in Plaintiffs' response to the Motion, they "essentially concede that they have an adequate remedy at law and that they have no intention or capability of returning the Defendant to the status quo of 2015 or 2016." *Id.* at 5.

### III.   APPLICABLE LAW

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "A motion for judgment on the pleadings admits the plaintiff's factual allegations and impels the district court to reach a legal conclusion based on those facts." *Gachette v. Axis Surplus Ins. Co.*, No. 19-cv-23680, 2020 WL 2850587, at

6

*1 (S.D. Fla. Apr. 1, 2020) (quoting *Dozier v. Prof'l Found. Health Care, Inc.*, 944 F.2d 814, 816 (11th Cir. 1991)). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). A "dismissal for failure to state a claim on statute of limitations grounds is appropriate" where "it is apparent from the face of the complaint that the claim is time-barred." *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018) (internal citations omitted).

"Rescission is an equitable remedy with the purpose of restoring the former status of the parties by undoing the original transaction." *See Rost Invs., LLC v. Cameron*, 302 So. 3d 445, 449 (Fla. 2d DCA 2020) (cleaned up) (quoting *Billian v. Mobil Corp.*, 710 So. 2d 984, 990 (Fla. 4th DCA 1998)). Under Florida law, the elements of a properly asserted rescission cause of action are the following: "(1) the character or relationship of the parties; (2) the making of a contract; (3) the existence of fraud, mutual mistake, false representation, impossibility of performance, or other ground for rescission or cancellation; (4) the party seeking rescission had rescinded the contract and notified the other party"; "(5) the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible; and (6) the moving party has no adequate remedy at law." *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1206 (M.D. Fla. 2002) (citing *Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. 2d DCA 1965)). "Equity will not usually order rescission unless the condition of the parties may be restored as it existed prior to the execution of the contract." *Hibiscus Assocs. Ltd. v. Bd. of Trs. of Policemen & Firemen Ret. Sys. of City of Detroit*, 50 F.3d 908, 917 (11th Cir. 1995).

"The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Ferretti v. Nova Se. Univ., Inc.*, 604 F. Supp. 3d 1330, 1333 (S.D. Fla. 2022) (citing *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999)).

Pursuant to section 95.11(3)(*l*), Florida Statutes,[1] a plaintiff must commence an "action to rescind a contract" within four years. Fla. Stat. § 95.11(3)(l); *see also Crystal Ent. & Filmworks, Inc. v. Jurado*, No. 08-60125CIV, 2009 WL 1098463, at *3 (S.D. Fla. Apr. 22, 2009) ("The Florida legislature has provided that the statute of limitations for a rescission claim is four years."). "[T]he time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Fla. Stat. § 95.031. And a "cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1).

## IV.   ANALYSIS

### A.   Statute of Limitations Issue

At the December 7, 2023 hearing, and in their papers, the parties agreed that the applicable statute of limitations for rescission (Count II) is four years.[2] The Amended Complaint alleges that Casey White executed her agreement with Defendant on December 6, 2016; Nathan Montalvo executed his agreement with Defendant on July 14, 2015; Lindsey Crits executed her agreement with Defendant on September 28, 2015; Evan Wendt executed his agreement with Defendant on March 23, 2016; Elizabeth Ripoli executed her agreement with Defendant on September 24, 2015; and Jennifer Coley executed her agreement with Defendant on April 17, 2015. [Am. Compl. ¶ 46, 57, 61–62, 72, 84–85, 96–97, 106–7]. Thus, the primary issue before the Court is whether the rescission claim accrued on the dates that the contracts were executed, or at a later date.

---

[1] This was the version of the statute in effect when this case was filed. The statute of limitations for rescission is still four years, but it now falls under section k (not *l*) in the most recent version of the statute.

[2] No argument has been made by Plaintiffs in their papers or at the hearing that a different statute of limitations applies to breach of contract actions.

The Court has carefully considered this issue as well as the parties' papers and arguments. First, Plaintiffs and Defendant are in agreement that the delayed discovery doctrine does not apply to rescission or breach of contract, as stated in open court at the December 7, 2023 hearing and as stated in the parties' papers. Therefore, the Court will not address the delayed discovery doctrine as to Count II as it is not applicable to Count II.

Second, Defendant has cited to two TILA cases, *Dove v. McCormick*, 698 So. 2d 585 (Fla. 5th DCA 1997), and *Beach v. Great Western Bank*, 670 So. 2d 986 (Fla. 4th DCA 1996), for the premise that the statute of limitations in a rescission case begins to run when the contract at issue is executed. Plaintiffs have failed to distinguish these cases other than to assert that Defendant, in the case at hand, made fraudulent representations after the execution of the contracts. The Court rejects Plaintiffs' argument in that regard because Plaintiffs have cited no case law that supports their argument that the statute of limitations begins to run at the time that fraudulent representations were made in the context of a rescission claim. Further, and even more importantly, counsel for Plaintiffs argued at the December 7, 2023 hearing that Count II is not a cause of action for recission, but rather a cause of action for breach of contract, and he further argued that the breach underlying the breach of contract cause of action in Count II is that the parties entered into an illegal contract. Despite labeling Count II as a cause of action for recission in the Amended Complaint, and despite addressing it as a recission cause of action in its papers, Plaintiffs' counsel asserted at the hearing that Count II is actually a breach of contract cause of action which is based on the illegality of the contracts entered into by Plaintiffs and Defendant, where Plaintiffs seek the remedy of recission.[3] In light of this representation that Plaintiffs are asserting a breach of contract

---

[3] First, Plaintiffs' argument that "illegality" is a proper basis for a breach of contract claim is rejected as totally meritless. This is because the "elements for a breach of contract claim under Florida law are: (1) a valid contract; (2) a material breach; and (3) damages." *Vanguard Plastic Surgery, PLLC v. Cigna Health & Life Ins. Co.*, No. 0:22-CV-61086-WPD, 2023 WL 2168513, at *3 (S.D. Fla. Jan. 18, 2023), appeal dismissed, No. 23-10512-AA, 2023 WL

9

cause of action in Count II, and upon careful review of Count II, it is clear to the Court that the statute of limitations did begin to run upon execution of the allegedly illegal contracts.

Third, Plaintiffs' only remaining argument is that the statute of limitations did not begin to accrue until each Plaintiff made his or her last installment payment under that particular Plaintiff's contract with Defendant. However, Plaintiffs have cited to no cases directly on point for the premise that the last installment payment for each Plaintiff is the date upon which the four years began to accrue. Instead, Plaintiffs solely rely on *Bishop v. State, Division of Retirement*, 413 So. 2d 776, 778 (Fla. 1st DCA 1982), and *Isaacs v. Deutsch*, 80 So. 2d 657, 658 (Fla. 1955).[4] Those two cases explain that, when a plaintiff sues a defendant for the failure to make an installment payment, the statute of limitations does not begin to run until there actually is an unpaid installment payment. Plaintiffs, here, are trying to apply this very intuitive and commonsense legal principle to a factually distinct situation in which Plaintiffs made several installment payments to argue that the statute of limitations did not begin to accrue until the last such payment was made by each Plaintiff. This is a creative argument that is not actually supported by the cases cited as those cases

---

3513063 (11th Cir. Mar. 7, 2023) (citing *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999)). Therefore, Plaintiffs cannot assert a breach of contract claim without asserting that the contracts are, in fact, valid. If the contracts are illegal as Plaintiffs assert, then there is no valid contract as required for a breach of contract cause of action. Second, during the hearing, Plaintiffs' counsel argued inconsistently first that Count II is a recission claim, then argued that it is a breach of contract claim, and then argued, as counsel's final answer, that Count II is a breach of contract claim based upon illegality of the contract which seeks recission as a remedy. Plaintiffs' counsel's flip-flopping and inability to even consistently describe the cause of action in Count II is troubling, confounding, and exemplifies the poor drafting and confusing nature of Count II.

[4] In paragraph 14 of the Amended Complaint, Plaintiffs allege that they "had no way of knowing the true nature and extent of Defendants' illegal advance-fee 'student loan debt elimination' telemarketing scheme necessary to prosecute their claims until the following dates, respectively: Casey White and Patricia Crimmins, July 19, 2019; Nathan Montalvo, February 24, 2021; Lindsey Crits, early October 2019 (the date of service of the state court collection suit against her); Evan Wendt, October 2018; Elizabeth Ripoli, December 2018; and Jennifer Coley, December 2018." [Am. Compl. ¶ 14]. Plaintiffs' counsel explained at the hearing that these are the dates that Plaintiffs discovered Defendant's misconduct. However, Plaintiffs' counsel represented at the hearing that Plaintiffs are actually now arguing that the dates of accrual for the statute of limitations were the dates of each Plaintiff's last installment payments—July 2019 for Casey White and Patricia Crimmins; October 2020 for Nathan Montalvo; July 2020 for Lindsey Crits; October 2018 for Evan Wendt; December 2018 for Elizabeth Ripoli; and December 2018 for Jennifer Coley. [DE 219 at 3].

involved the reverse factual situation. Moreover, Plaintiffs' argument in that regard specifically applies to a properly asserted claim for recission. Yet, as discussed above, at the hearing on this Motion, Plaintiffs' counsel expressly stated that Plaintiffs were **not** asserting a recission cause of action in Count II; rather, counsel stated that Count II is a breach of contract claim based upon an alleged illegal contract for which the remedy of recission is sought. Thus, the cases cited by Plaintiffs offer no support to Plaintiffs' argument.

In conclusion, as the contracts between Plaintiffs and Defendant are attached to the Amended Complaint, and it is evident that this federal case was initiated on May 18, 2021, this is an appropriate issue for judgment on the pleadings. It is apparent from the face of the Amended Complaint that the Count II claim is time-barred as this case was initiated more than four years after each contract at issue was executed. And, as stated below, even if the statute of limitations had not run on this claim in Count II, the Undersigned would still recommend that the Motion be granted for several reasons.

B. <u>Additional Issues with the Pleading of Count II</u>

The Court has carefully reviewed Count II as alleged in the Amended Complaint. During the December 7, 2023 hearing, as discussed above, it became clear that even Plaintiffs' counsel was inconsistent and confused about what was actually pled. Count II is titled "Rescission of Contract and Return of Fees Paid." In paragraph 14, which is not expressly incorporated into Count II, Plaintiffs assert that they are bringing a cause of action for "breach of contract seeking rescission of the contract and a return, with interest, of the illegal advance-fees paid by Plaintiffs to GM Law Firm or agents acting on behalf of GM Law Firm under the Limited Legal Services Agreements at issue in this case." [Am. Compl. ¶ 14].[5] However, nowhere else in the Amended Complaint is a

---

[5] The Amended Complaint may be violative of Federal Rule of Civil Procedure 10(b), which requires a party to state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading

11

breach of a contract cause of action even mentioned. During the December 7, 2023 hearing, Plaintiffs' counsel argued that they intended to plead a breach of contract cause of action in Count II with rescission as a remedy. Counsel's asserted basis for the breach of contract is "illegality." However, as discussed above, while illegality of a contract may support other claims under Florida law, it does not support a breach of contract claim under Florida law since breach of contract claims in Florida require that the contracts entered into are valid in the first place. *See Vanguard Plastic Surgery, PLLC* and *Beck*, *supra.*

Next, even reading the Amended Complaint as a whole and giving Plaintiffs the benefit of the doubt that they intended to plead a breach of contract count based on an illegal contract with rescission as a remedy, as Plaintiffs' counsel represented to the Court at the hearing, Plaintiffs have failed to sufficiently assert either a breach of contract claim or a rescission claim.

Plaintiffs have also failed to expressly lay out the elements of a breach of contract claim since, as noted above, it is not clear upon reading that Amended Complaint that it is even alleging a breach of contract claim. But even if Count II is read as asserting a breach of contract cause of action, the first element of a breach of contract claim is the entry into a ***valid*** contract by the parties, and Plaintiffs' counsel expressly disclaimed the validity of the contract at the hearing, calling it an illegal contract. Thus, Plaintiffs fail to meet the first element of a breach of contract cause of action. Additionally, Plaintiffs' counsel was unable to fully formulate his argument at the hearing as to how entering into allegedly illegal contracts inherently constitutes a breach of contract. Plaintiffs

---

may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Count II is bare bones and does not incorporate any prior paragraph of the Amended Complaint. However, the Undersigned does not find it necessary to recommend that the Motion be granted on this basis as it will consider the Amended Complaint as a whole as it relates to Count II. Yet, even considering the Amended Complaint as a whole in relation to Count II, that count does not state a proper cause of action for recission, or for breach of contract.

12

did not clarify this issue in their papers either. Case law in Florida does not support Plaintiffs new argument made at the hearing that an allegedly illegal contract supports a breach of contract claim.

Next, as to an alleged recission claim, Defendant argues in its Motion that Plaintiffs have failed to assert the fourth and fifth elements of a rescission action—that the party seeking rescission had rescinded the contract and notified the other party and that, if the moving party had received benefits from the contract, the moving party offered to restore benefits received from the contract to the party furnishing them, if restoration is possible. Upon careful reading of the Amended Complaint, the Court agrees that these two elements are not pled. And Plaintiffs failed to make any argument in their response to the Motion that the fourth and fifth elements were, in fact, alleged in the Amended Complaint. Thus, Plaintiffs waived the issue.

Furthermore, as argued by Defendant's counsel at the December 7, 2023 hearing, in paragraphs 156 and 157 of Count II, Plaintiffs seek recission based on a unilateral mistake. But it is a mutual mistake, not a unilateral mistake, that can serve as the basis for a recission. A unilateral mistake is not a basis for recission. *See Waterside at Boynton Homeowners' Ass'n, Inc. v. S. Homes of Palm Beach, LLC*, No. 4D2022-2211, 2023 WL 6853243, at *2 (Fla. 4th DCA Oct. 18, 2023) (citing *Keystone Creations, Inc. v. City of Delray Beach*, 890 So. 2d 1119, 1127 (Fla. 4th DCA 2004)) ("The term 'mutual mistake of fact' is one of law, and the equitable remedy of rescission is available only if the mistake is mutual and the fact is of the essence of the contract."). Thus, Count II is deficient as pled.

Finally, even assuming that Count II did state a claim, which it does not, Plaintiffs could not formulate any compelling argument in their papers or at the hearing about how the transactions in this case could actually be reversed pursuant to a recission theory. At the hearing, counsel for the parties had different points of view as to whether Defendant had actually provided any services

to Plaintiffs, but Plaintiffs did allege in the Amended Complaint that Defendant sent out cease and desist letters to Plaintiffs' creditors and also "formulaically disput[ed] the reporting of these debts with the major credit card bureaus via boilerplate dispute forms." [Am. Compl. ¶ 11]. Given that Plaintiffs allege that at least minimal services were provided, as asserted in Plaintiffs' Amended Complaint, the Court agrees that the conditions of the parties cannot practically be restored as they existed prior to the execution of the contracts. And Plaintiffs have not provided any case law to support the propriety of a recission action (which Plaintiffs' counsel now says is not the cause of action it intended in Count II) in the context of a service contract.

The bottom line here is that, whether Count II is a recission cause of action or a breach of contract cause of action based on an allegedly illegal contract for which Plaintiffs seek the remedy of recission, Count II utterly fails for all the reasons cited above. A review of the Amended Complaint clearly establishes this finding. Therefore, the entry of a judgment on the pleadings as to Count II is necessary and appropriate in this case.

## V.    CONCLUSION

In light of the foregoing, the undersigned United States Magistrate Judge **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings as to Count II (Rescission) [DE 215] be GRANTED for the reasons stated in this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

In light of the upcoming pretrial deadlines and in light of the language contained in Federal Rule of Civil Procedure 1, the Undersigned shall hereby shorten the time for the parties to file objections to this Report and Recommendation, as authorized under Southern District of Florida Magistrate Judge Rule 4(b). Accordingly, the parties shall have seven (7) calendar days from the date of being served with a copy of this Report and Recommendation within which to file written

objections, if any, with United States District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Florida, this 13th day of December 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge