UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80896-SINGHAL/MATTHEWMAN

CASEY M. WHITE, et al.,

       Plaintiffs,

v.

GM LAW FIRM, LLC,

       Defendant.
_____/

FILED BY SW D.C.

Dec 13, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS [DE 226]

**THIS CAUSE** is before the Court upon an Order of Reference from the Honorable United States District Judge Raag Singhal [DE 271] for disposition of Defendant, GM Law Firm, LLC's ("Defendant") Motion for Rule 11 Sanctions ("Motion") [DE 226]. The Motion is fully briefed. *See* DEs 234, 236. The Court heard argument on the Motion on December 7, 2023. This matter is now ripe for review.

### I.    BACKGROUND OF THIS FEDERAL LAWSUIT

On May 18, 2021, Plaintiffs Casey M. White and Patricia A. Crimmins filed their Complaint against several defendants, including Defendant GM Law Firm, LLC ("Defendant"). [DE 1]. This case was later consolidated with a related case, Case No. 21-cv-81127-AHS. [DE 85]. Ultimately, after a great deal of motion practice, only Defendant GM Law Firm, LLC remained as a defendant in this case. *See* DE 167; 168; 169; 172.

On November 22, 2022, Plaintiffs, Casey M. White, Patricia A. Crimmins, Nathan Montalvo, Lindsey Crits, Evan Wendt, Elizabeth Ripoli, and Jennifer Coley ("Plaintiffs") filed an Amended Complaint against Defendant GM Law Firm, LLC [DE 170, Am. Compl]. The Amended

Complaint alleges breach of fiduciary duty (Count I) and rescission of contract and return of fees paid (Count II). *Id.*

On December 13, 2023, the Undersigned entered Reports and Recommendations recommending that Defendant's Motion for Judgment on the Pleadings as to Count II (Rescission) be granted and that Defendant's Motion for Summary Judgment as to Count I be denied. *See* DEs 276; 277.

## II. THE PARTIES' ARGUMENTS

A. Defendant's Motion [DE 226]

Defendant moves for Rule 11 sanctions against Plaintiffs, Casey M. White, Patricia A. Crimmins, Nathan Montalvo, Lindsey Crits, Evan Wendt, Elizabeth Ripoli, and Jennifer Coley ("Plaintiffs") and their counsel, Joshua Horton, Esq., and Macy Hanson, Esq. ("Plaintiffs' counsel"). [DE 226 at 1]. Defendant first argues that both of Plaintiffs' claims are "patently untimely." *Id.* at 2. It next asserts that both claims are "legally frivolous on the merits." *Id.* According to Defendant, "[t]he legal insufficiency of Plaintiffs' two new claims are apparent on their face based upon a reasonable inquiry into Florida law. Plaintiffs' counsel either knew or should have known that Plaintiffs' new claims are frivolous." *Id.* at 3. Finally, Defendant requests that the Court dismiss the Amended Complaint with prejudice, sanction Plaintiffs' counsel in the form of attorney's fees and costs, and impose additional sanctions as appropriate. *Id.* at 13.

B. Plaintiffs' Response [DE 234]

In response, Plaintiffs contend that, if any sanctions are warranted, "they should be levied against the Defendant, GM Law Firm, for its procedurally improper and substantively misleading [DE 226] Motion for Rule 11 Sanctions." [DE 234 at 1]. Plaintiffs argue that their claims are not time barred, and, moreover, Rule 11 is "not an appropriate vehicle for the dismissal of Plaintiffs'

claims." *Id.* at 2–14. They further contend that the Rule 11 Motion is premature because Rule 11 sanctions are usually not determined until the end of a case. *Id.* at 15. Plaintiffs specifically request attorney's fees "for the time reasonably expended in response to this improper and premature sanctions motion." *Id.*

    C.    <u>Defendant's Reply [DE 236]</u>

Defendant first asserts that, in their response, "Plaintiffs chose to ignore any arguments challenging the merits of their breach of fiduciary duty and re[s]cission claims." [DE 236 at 1]. It next argues that the delayed discovery doctrine does not apply to Count I, the continuing tort doctrine does not apply to this action, Count I is barred under Florida contract law, Count II is time-barred, and Count II fails to state a viable rescission claim. *Id.* at 2–7. Defendant again requests that the Amended Complaint be dismissed with prejudice and that Plaintiffs' counsel be sanctioned. *Id.* at 7–8. Finally, it maintains that the Motion is not premature. *Id.* at 8.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 11 "is intended to deter improper litigation techniques, such as delay and bad faith." *Briggs v. Briggs*, 245 F. App'x 934, 936 (11th Cir. 2007) (citing Fed. R. Civ. P. 11, 1983 Advisory Committee notes). "Rule 11 permits imposing sanctions on an attorney, law firm, or party as the court deems appropriate." *Williams v. Weiss*, 190 F. App'x 944, 945 (11th Cir. 2006) (citing Fed. R. Civ. P. 11(c)). Although district courts have discretion whether to award Rule 11 sanctions, a district court abuses that discretion if it fails to "describe the conduct it determined warranted sanctions and explain the basis for the sanctions imposed." *Id.* (citing Fed. R. Civ. P. 11(c)(3)); *see also Flores v. Park W. Parking LLC*, No. 06-22055-CIV, 2008 WL 11409098, at *8 (S.D. Fla. Feb. 1, 2008) ("The Court may not sanction Plaintiff or his counsel without making

*specific findings of subjective bad faith conduct.*") (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998)).

This Court recognizes "Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 150 F.R.D. 209, 213 (M.D. Fla. 1993) (citing American Bar Association, Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure (1988), reprinted in, 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 212, 235–36 (Supp. 1989); *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987)). "The primary goal of the sanctions is deterrence." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("It is now clear that the central purpose of Rule 11 is to deter baseless filings in District Court and thus, ... streamline the administration and procedure of the federal courts.")).

As such, "Rule 11 sanctions are appropriate (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory with no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith and for an improper purpose." *Briggs*, 245 F. App'x at 936 (citing *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)). The Court may subject represented parties such as Plaintiffs to Rule 11 sanctions if, for example: (1) allegations in the complaint were frivolous and Plaintiffs "knew or should have known that the allegations in the complaint were frivolous;" (2) Plaintiffs "misrepresent[ed] facts in the pleadings;" or (3) the action was frivolous and Plaintiffs were the "mastermind" behind the frivolous case. *Byrne v. Nezhat*, 261 F.3d 1075, 1117-18 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir.

1998)). The Court must first decide "whether the party's claims are objectively frivolous" and then determine if the attorney, the party, or both should be sanctioned pursuant to Rule 11 as a result. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

## IV.  DISCUSSION AND ANALYSIS

This Court is always quite cautious and very careful when considering Rule 11 sanctions, and this Court is hesitant to impose Rule 11 sanctions on a party or its counsel unless there is a clear and sufficient legal and factual basis. In this case, the Court does not find that the Amended Complaint was filed in bad faith or for an improper purpose and does not find sufficient grounds to support Rule 11 sanctions against any Plaintiff or Plaintiffs' counsel at this time.

With regard to Defendant's request for sanctions against Plaintiffs themselves, this request is completely without merit. Plaintiffs clearly are not the "mastermind" behind the case. In fact, at the December 7, 2023 hearing, Defendant's counsel explicitly represented that Plaintiffs have been kept in the dark about the happenings in this case by their counsel.

Next the Court will turn to the propriety of awarding sanctions against Plaintiffs' counsel. Here, the Undersigned has not identified any fatal pleading deficiencies in Count I. More importantly, Defendant never moved to dismiss Count I or moved for judgment on the pleadings with regard to Count I. While Defendant did move for summary judgment as to Count I, that tactical decision by counsel implicitly admits that the Amended Complaint itself was not deficient as pled. The Undersigned did recommend denial of the motion for summary judgment, but, even without that ruling, Rule 11 sanctions would be improper as to Count I. Thus, to the extent the Motion is based on Count I, it is due to be denied.

While Count II contains clear pleading deficiencies, and the Undersigned has recommended that the motion for judgment on the pleadings be granted, the Undersigned cannot

conclude that Count II, at the time the Amended Complaint was filed, was so objectively frivolous or lacking in factual or legal support as to warrant the imposition of Rule 11 sanctions. Plaintiffs also made colorable arguments in their response to the Motion for Judgment on the Pleadings as to Count II (Rescission) [DE 219]. Although Count II is poorly drafted and Plaintiffs' counsel has taken inconsistent positions as to Count II, such conduct does not rise to the level which would make Rule 11 sanctions necessary or appropriate.

In sum, the Undersigned finds that Rule 11 sanctions under the facts of this specific case are inappropriate. Further, Plaintiffs' request for attorney's fees incurred in responding to this Motion is also due to be denied.

## V. CONCLUSION

In light of the foregoing the undersigned United States Magistrate Judge **RECOMMENDS** that Defendant, GM Law Firm, LLC's Motion for Rule 11 Sanctions [DE 226] be DENIED for the reasons stated in this Report and Recommendation. The Undersigned also **RECOMMENDS** that Plaintiffs' request for attorney's fees and costs incurred in responding to the Motion be DENIED.

## NOTICE OF RIGHT TO OBJECT

In light of the upcoming pretrial deadlines and in light of the language contained in Federal Rule of Civil Procedure 1, the Undersigned shall hereby shorten the time for the parties to file objections to this Report and Recommendation, as authorized under Southern District of Florida Magistrate Judge Rule 4(a). Accordingly, the parties shall have seven (7) calendar days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the

Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 13th day of December 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge