UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80896-CIV-SINGHAL

CASEY M. WHITE, *et al.*,

    Plaintiffs,

v.

GM LAW FIRM, LLC,

    Defendant.
_____/

## **OMNIBUS ORDER ON MOTIONS IN LIMINE**

**THIS CAUSE** is before the Court upon Defendant GM Law Firm, LLC's ("GM Law" or "Defendant") Motion *in Limine* (DE [293]) and Plaintiff Casey M. White, *et al.*'s ("Plaintiffs") Motion *in Limine* (DE [297]). For the reasons set forth below, GM Law's motion is granted in part and denied in part. Since GM Law did not file a response to Plaintiffs' motion, Plaintiffs' Motion *in Limine* is granted in full.

    I.    **GM Law's Motion *in Limine***

GM Law raised twelve arguments in its motion. Each will be addressed in turn.

    a.  **Standard of Care**

GM Law seeks to prevent Plaintiffs from testifying about any federal law or state bar rules. (DE [293] at 1-2). In context, GM Law explains that in this breach of fiduciary duty case, Plaintiffs have the burden to establish the duty GM Law owed to them, the standard of care accompanying that duty, and whether GM Law breached that duty. GM Law goes on to argue that, by and large, the Eleventh Circuit exclusively requires an expert to testify regarding the standard of care in a legal malpractice case. (DE [293] at 1-2). In other words, lay witnesses are unable to do so. And since Plaintiffs have not

presented any experts on this topic, Plaintiffs, as lay witnesses, should be prevented from doing so themselves.

Plaintiffs' response primarily focuses on the fact that this is a breach of fiduciary duty case, not a legal malpractice case. The Court agrees. The legal malpractice expert witness standard does not apply in the context of this claim.[1] Plaintiffs are free to testify about what GM Law Firm and its agents communicated to them, what was represented to Plaintiffs in those conversations, and whether any of the representations were true. The jury, after being properly instructed by the Court, will then make their own determination about the legal implications of this non-expert testimony.

### b. Rules Regulating the Florida Bar

GM Law argues that Plaintiffs should not be able to introduce any evidence that insinuates that GM Law violated the Florida Rules of Professional Conduct. The Court agrees. The Preamble to the Rules of Professional Conduct provides in relevant part: "[a v]iolation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached." *See, e.g.*, *Beach Higher Power Corp. v. Rekant*, 832 So. 2d 831, 833 n.2 (Fla. Dist. Ct. App. 2002) (citing *Lane v. Sarfati*, 676 So.2d 475, 475 (Fla. 3d DCA 1996) (Gersten, J., concurring)). Plaintiffs are therefore prohibited from making any argument or offering testimony that refers or relates to the Florida Rules of Professional Conduct.

### c. Issues of Law

GM Law claims that Plaintiffs cannot testify about the Telemarketing Sales Rule, 16 C.F.R. § 310 *et seq* ("TSR") or any other federal statute. It also argues that Plaintiffs

---

[1] GM Law's argument also reads like an argument that should have been presented at summary judgment.

should be prohibited from presenting any evidence concerning the TSR and how to interpret it. (DE [293] at 3-4).

Plaintiffs respond that they do not intend to present any evidence concerning interpretation of the TSR. In other words, they agree with GM Law.[2] Instead, they claim they will testify about the fees that they paid in exchange for certain promises from GM Law, and whether those promises were ever fulfilled. Plaintiffs also state that they intend to ask GM Law's witnesses about its program's fee structure and their basis for how it complied with the TSR.

The TSR is relevant to this case; it is alleged as a basis for GM Law's alleged breach of fiduciary duty. *See, e.g.*, (DE [170] ¶ 124) (Amended Complaint) (alleging that GM Law breached its fiduciary duty to Plaintiffs when it presented them with agreements that, unbeknown to Plaintiffs, violated the TSR). In light of these allegations, Plaintiffs can present any factual evidence relevant to GM Law's compliance with the TSR. And, as Plaintiffs even agree, they cannot present any evidence arguing about the proper interpretation of the TSR.

### d. Economic Damages

GM Law argues that Plaintiffs should not be allowed to present any evidence regarding any consequential damages they suffered because of their student loans going into default. It claims that such evidence must be presented through expert testimony, and since Plaintiffs have not proffered any expert testimony or damages model on this topic, Plaintiffs are barred from presenting this type of evidence at trial.

---

[2] It is unclear why this issue and certain others throughout this order have been presented to the Court to resolve instead of among the parties. Local Rule 7.1.A.3 requires the parties to confer before presenting a disagreement to the court. Had the parties done so in good faith, the Court doubts it would have needed to be called upon to resolve the twelve issues GM Law presented in its motion.

GM Law, however, does not explain why a damages expert is necessary to demonstrate consequential damages in this case. *See, e.g.*, *Topp Paper Co., LLC v. ETI Converting Equip.*, 2013 WL 5446341, at *8 (S.D. Fla. Sept. 28, 2013) (recognizing that not all issues of consequential damages require expert testimony). Moreover, to the extent there is an issue of whether consequential damages are appropriate in this case, it was an issue that should have been presented at summary judgment. Accordingly, Plaintiffs are permitted to introduce evidence of consequential damages that they suffered beyond the mere economic damages that they paid to GM Law.

### e. Non-economic Damages

Plaintiffs seek non-economic damages for mental anguish and mental distress. The impact rule, in Florida, requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *R.J. v. Humana of Fla., Inc.,* 652 So.2d 360, 362 (Fla.1995) (quoting *Reynolds v. State Farm Mut. Auto. Ins. Co.,* 611 So.2d 1294, 1296 (Fla. 4th DCA 1992). Certain intentional torts, however, are excluded from the rule; meaning, one can recover damages despite not suffering any physical harm. These intentional torts include defamation, invasion of privacy, and intentional infliction of emotional distress. *Rowell v. Holt,* 850 So.2d 474, 478 n.1 (Fla. 2003). Here, Plaintiffs cite no authority as to why their ordinary breach of fiduciary duty claim should be excluded from the impact rule. Accordingly, there is no basis to award the Plaintiffs any damages for pain and suffering, and they are precluded from putting on evidence of these damages.

### f. Testimony Concerning the Legal Implications of the Statute of Limitations

The parties agree here that Plaintiffs can testify about what they were promised, what they were told, and how GM Law's program harmed them. Plaintiffs cannot, however, discuss the legal implications of these facts and how they impact whether the case is time-barred. The jurors will only be instructed to identify the month and year that the Plaintiffs were first damaged.

### g. Prior Settlements

The parties agree that Plaintiffs cannot introduce evidence of other litigation or prior settlements against GM Law Firm and the now-dismissed defendants (except as to Greg Fishman, discussed further below).

### h. Prior Lawsuits against Greg Fishman's Companies

GM Law argues that Plaintiffs should not be able to introduce evidence concerning prior litigation involving non-party Greg Fishman. It claims that such evidence is not relevant, is prejudicial, and reflects improper character evidence. Plaintiffs respond that this evidence is relevant to show "the knowledge, intent, and design" of GM Law's program because Greg Fishman and his companies benefited from the fees that GM Law collected from individuals like Plaintiffs.

In their arguments, the parties only identify one case, *Bryson v. Berges, et. al.* (14-cv-62323), involving Greg Fishman. In that case, Fishman was found not guilty and not liable. Moreover, the case involved claims dissimilar from the facts of the above-styled action. Testimony regarding *Bryson v. Berges* would not therefore be relevant, let alone

5

unprejudicial.[3]  Plaintiffs are therefore prohibited from eliciting testimony regarding this case, and any other case involving Greg Fishman.[4]

### i. Prior Regulatory Complaints

GM Law argues that Plaintiffs may attempt to introduce testimony about their prior or pending complaints against GM Law Firm before state or federal regulatory agencies and that in doing so it would be prejudicial under FRE 403 and 404.  (DE [293] at 7-8).  The Court and Plaintiffs agree, but only to the extent that this evidence would be used to demonstrate liability.  Plaintiffs can use this evidence if it becomes necessary and relevant to prove the dates of certain events.[5]  When and if this time comes, and to the extent needed, the Court can provide a limiting instruction to ensure that the jury only considers the evidence under proper circumstances.[6]

### j. Allegations of Conspiracy or Alter Ego with Dismissed Defendants

GM Law argues that Plaintiffs haphazardly refer to various non-parties and employees of the non-parties as "agents" of Defendant GM Law Firm without regard to the legal meaning of "agent." (DE [293] at 8).  It further states that Plaintiffs have no evidentiary basis on which to do so as there are no agency allegations in the Amended Complaint.  GM Law concludes that Plaintiffs should be precluded from using the word "agent" at trial.

The Court disagrees. As Plaintiffs point out, the Amended Complaint contains numerous allegations that a principal-agency relationship exists between GM Law Firm

---

[3] While Plaintiffs claim Fishman effectively owns and operates GM Law, there are no allegations that he actually is an owner, officer, or employee of GM Law.
[4] Though *Bryson v. Berges* was the only case involving Greg Fishman's companies brought to the Court's attention, Plaintiffs' failure to present others prevents the Court from considering their relevancy to this case.  In light of their failure to timely do so, Plaintiffs have entirely waived their opportunity to do so at trial.
[5] It would likely be more prudent to stipulate to these dates and foreclose use of this evidence.
[6] At trial, GM Law can reraise this issue if, in context, a limiting instruction insufficiently guards against the unfair prejudice of the evidence.

6

and its sales agent, Resolvly, and between GM and its "legal outsourcing" agent, National Legal Staffing Support ("NLSS"). Plaintiffs can therefore put forth evidence of an agency relationship between GM Law, Resolvly, and NLSS. The jurors can properly be instructed on the laws of agency via jury instructions.

### k. Improper Burden Shifting

GM Law argues that Plaintiffs bear the burden of proof to establish a continuous tort and that it cannot solicit any evidence or testimony "insinuating that GM Law Firm has any burden of proof concerning a continuous tort." (DE [293] at 8). Plaintiffs do not disagree and admit that they have the burden of proof on this issue at trial.

### l. Spoliation of Evidence

GM Law argues that Plaintiffs should be forbidden to make any arguments regarding the spoliation of evidence. (DE [293] at 9). Apparently, there are phone calls between Plaintiffs and GM Law or its agents, Resolvly and NLSS, that have been lost and not produced in this case.[7] GM Law claims that since no "motion for spoliation sanctions was ever filed," Plaintiffs cannot make any arguments about this evidence not being produced. The Court disagrees.

At trial, Plaintiffs are permitted to make arguments and claim that these recorded phone calls were not produced, assuming admissibility predicates are met. To the extent there is evidence that shows Defendants destroyed them, Plaintiffs are free to introduce that as well. Armed with this evidence, the jurors are free to draw their own inferences about why the recordings were not produced. And to the extent it has counterarguments, GM Law can testify that the phone calls were destroyed or became unavailable in good

---

[7] The parties offer little in the way of background as to what these calls are and why they were not produced.

faith. To the extent the issue of spoliation comes up at trial, the Court will address whether a spoliation instruction is warranted.

## II.  Plaintiffs' Motion *in Limine*

Plaintiffs filed a Motion *in Limine* seeking an order excluding "any testimony or reference at the forthcoming jury trial in this action to the following separate and non-related Florida state court case: *National Legal Staffing Support, LLC, et al. v. Macy D. Hanson, et al.*; Civil Action No. 502020CA0011664 (Palm Beach Cty. Circuit Ct.); Case Nos.: 4D22-3194; 4D22-3438 (4th District Court of Appeals)." (DE [297] at 1-2). Plaintiffs contend that the litigation is irrelevant to the above-styled action.

Since GM Law did not file a response, the Court will view Plaintiffs' Motion *in Limine* as unopposed. Accordingly, the parties shall be prohibited from making any reference or offering testimony at the upcoming jury trial in this case, regarding *National Legal Staffing Support, LLC, et al. v. Macy D. Hanson, et al.*; Civil Action No. 502020CA0011664 (Palm Beach Cty. Circuit Ct.); Case Nos.: 4D22-3194; 4D22-3438 (4th DCA).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant GM Law's Motion *in Limine* (DE [293]) is **GRANTED IN PART AND DENIED IN PART** as outlined above, and Plaintiffs Motion *in Limine* (DE [297]) is **GRANTED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of April 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF