UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80896-CIV-SINGHAL

CASEY M. WHITE, et. al.,

      Plaintiffs,

v.

GM LAW FIRM, LLC,

      Defendant.

_____/

## **ORDER**

     **THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment as to Count I ("Motion for Summary Judgment") (DE [240]) and the Report and Recommendation ("R&R") (DE [276]) of the Magistrate Judge recommending that the Motion be denied.  On December 12, 2023, Defendant GM Law Firm, LLC ("Defendant" or "GM Law Firm") timely objected to the R&R ("Objections") (DE [279]) and also filed a motion for a hearing on the Objections the next day (DE [281]).

     Due to the extensive briefing on Defendant's Motion and the fact that Magistrate Judge Matthewman has already held a hearing on this matter on December 7, 2023, the Court finds it unnecessary to hold a further hearing on this Motion.  Defendants request for a hearing on this Motion is therefore denied.

     Under Fed. R. Civ. Proc. 72(b)(3), the Court has reviewed Defendant's Motion for Summary Judgment *de novo.*  Upon doing so, the Court finds that a genuine dispute exists as to whether the statute of limitations has run on Plaintiffs' breach of fiduciary duty claim.  Because Defendant's Motion for Summary Judgment only argues that the breach of fiduciary duty claim should be dismissed on statute of limitations grounds, the Court denies Defendant's motion.

## I.   BACKGROUND

On November 22, 2022, Plaintiffs filed a First Amended Complaint that asserted a claim for breach of fiduciary duty (Count I) and a claim for recission (Count II).  The relevant facts as to the breach of fiduciary claim are as follows.

Plaintiffs consist of a group of individuals who were promised debt relief on their private student loan balances if they enrolled in Defendant's student loan debt elimination program ("Program").  The Program proceeded as follows.

Defendant, through its third-party sales agent, would solicit consumers to enroll in its Program.  For its Program, Defendant would primarily target individuals like Plaintiffs who have large private student loan balances and who are struggling with making timely payments on their private student loan accounts.  Defendant, through its sales agent, would tell consumers that through its Program individuals can eliminate their private student loan debt for payments of fifty cents on the dollar.

In reality, Defendant's Program did not eliminate Plaintiffs' respective private student loan balance.  Plaintiffs therefore brought suit against Defendant, with the two-count First Amended Complaint as the operative complaint.  The Court has already granted judgment on the pleadings as to Count II.  (DE [291]).  Count I is the only remaining claim in this case.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v.*

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

*North Carolina*, 560 U.S. 330, 344 (2010).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  An issue is "genuine" if a reasonable trier of fact, viewing all the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof.  *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).  And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case."  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).  "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law."  *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014).  However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf."  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).  "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments."  *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

### III.   DISCUSSION

This breach of fiduciary duty case arose in Florida and arrived in federal court by way of diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  As such, this Court is required to

apply Florida's substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The elements of breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) the breach of that duty, and (3) damages proximately caused by that breach. *See Sutherlin v. Wells Fargo Bank N.A.*, 767 F. App'x 812, 819 (11th Cir. 2019) (citing *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002)).

Defendant moved for summary judgment arguing that Plaintiffs' breach of fiduciary duty claim is time-barred under Florida law because the statute of limitations expired prior to the filing of the initial complaint. (DE [240] at 2). "A breach of fiduciary duty claim may be based on negligence or intentional conduct, but under either alternative, the statute of limitations is four years." *Amato v. City of Miami Beach*, 208 So. 3d 235, 238 (Fla. 3d DCA 2016). The statute of limitations for breach of fiduciary duty "begins to run when the last element of the cause of action occurs." *Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002). The parties dispute as to when the last element of the breach of fiduciary duty claim—damages—occurred.

Defendant argues that damages occurred, depending on the Plaintiff, in 2015 and 2016 when the Plaintiffs entered into the alleged illegal contract for legal services. (DE [279] at 2). Plaintiffs contend that damages were not complete until 48 months after they enrolled in the alleged contract with Defendant because it was on that date that Plaintiffs were promised to be debt free. (DE [284] at 11). If Defendant is correct, Plaintiffs claim is time-barred because they filed the Complaint in May 2021, over four years after their claims accrued. (DE [1]). If Plaintiffs are correct, their claim did not accrue until, depending on the Plaintiff, 2019 or 2020, rendering the 2021 filing of the Complaint well within the four-year statute of limitations for every Plaintiff. It is fairly straightforward that a fact is material if it determines whether the entire claim is time-barred. Since the parties'

4

dispute when damages occurred, a genuine dispute as to a material fact exists and the Court cannot grant Defendant's Motion for Summary Judgment. *See Tolan*, 572 U.S. at 656–57 (quoting Fed. R. Civ. P. 56(a)).

Defendant disputes the record on this point. Defendant argues that all the record evidence, including Plaintiffs' own deposition testimony and interrogatory answers, show that damages occurred back in 2015 and 2016 when Defendant made misrepresentations which induced the Plaintiffs to enter into the Program. (DE [279] at 3, 8). Defendant argued that Plaintiffs' theory of the case has always aligned with this theory of damages. But now, Defendant is claiming, Plaintiffs are impermissibly trying to amend their complaint at summary judgment and argue this new theory of damages. Defendant, however, has misread the First Amended Complaint because the theory of damages that Plaintiffs have pursued in its response to Defendant's Motion for Summary Judgment is not new.

In the First Amended Complaint, Plaintiffs alleged damages in that they were not free from their private student loan payments. Plaintiffs state that Defendants promised that they would be free of their student loan obligations after completion of Defendant's program. Plaintiffs further state that Defendant's promise was a significant factor in Plaintiffs agreeing to enroll in Defendant's program. *See* (DE [170] at ¶¶ 47, 64, 75, 87, 99, and 109) (First Amended Complaint) (stating that each Plaintiff entered into the Program based on Defendant's promise that they would emerge from the program debt free). But after 48 months—the high end of the range in the welcome packet for when Plaintiffs were told they could expect to be debt free—Plaintiffs were not. Plaintiffs' theory of damages is therefore not newly asserted at summary judgment, and it also firmly

establishes a genuine dispute as to when damages occurred.  A jury must therefore decide this question.

To be sure Plaintiffs acknowledged a potential statute of limitations issue in its First Amended Complaint by including a section on the delayed discovery doctrine and how the existence of a prior lawsuit tolled the four-year statute of limitations.  But Plaintiffs' inclusion of these arguments is not a concession that their claims are otherwise time-barred absent a finding in Plaintiffs' favor on one of these issues.  Parties are not only permitted but encouraged to include alternative legal theories.  *See, e.g.*, Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically . . . .").  Plaintiffs' inclusion of these alternative legal theories thus does not foreclose that it also alleged a theory of the case where its claim was not filed outside the statute of limitations period. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation (DE [276]) is **APPROVED AND ADOPTED** and Defendant's Motion for Summary Judgment as to Count I ("Motion") (DE [240]) is **DENIED**.

It is further **ORDERED AND ADJUDGED** that Defendant's Request for a Hearing (DE [281]) is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of April 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE


Copies furnished counsel via CM/ECF