UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-80896-CIV-SINGHAL/MATTHEWMAN

CASEY M. WHITE, *et al.*,

    Plaintiffs,

v.

GM LAW FIRM, LLC,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendant GM Law Firm, LLC's ("GM Law") Motion for Rule 11 Sanctions (DE [226]). The motion was referred to the Honorable William Matthewman for report and recommendation (DE [271]). Judge Matthewman issued a Report and Recommendation ("R&R") where he denied Defendant's request for Rule 11 Sanctions and for attorney's fees and costs in responding to the motion. (DE [278]). Defendant filed an Objection to the R&R (DE [280]). Plaintiffs Casey White, *et. al.* ("Plaintiffs" or "White") filed a Response (DE [284]).

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's report and recommendations for clear error if no objections are filed to the report, and it may "accept, reject, or modify" the findings and recommendations. 28 U.S.C. § 636(b)(1). On the other hand, if a party files objections, the district court must determine *de novo* any part of the magistrate judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court has carefully reviewed the R & R (DE [278]), GM Law's Objections, Plaintiffs' Response (DE [284]), the record in this case, the applicable

law, and is otherwise fully advised.  For the reasons set forth below, GM Law's Objections are denied.  Magistrate Judge Matthewman's R&R is affirmed and adopted.

Federal Rule of Civil Procedure 11 "is intended to deter improper litigation techniques, such as delay and bad faith." *Briggs v. Briggs*, 245 F. App'x 934, 936 (11th Cir. 2007) (citing Fed. R. Civ. P. 11, 1983 Advisory Committee notes). "Rule 11 permits imposing sanctions on an attorney, law firm, or party as the court deems appropriate." *Williams v. Weiss*, 190 F. App'x 944, 945 (11th Cir. 2006) (citing Fed. R. Civ. P. 11(c)). "Rule 11 sanctions are [therefore] appropriate (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory with no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith and for an improper purpose." *Briggs*, 245 F. App'x at 936 (citing *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)).

GM Law moved for sanctions against Plaintiffs' counsel because it claimed both counts of the Amended Complaint (DE [170]) are patently untimely and frivolous. As repercussion for filing these claims, GM Law asked the Court to dismiss the Amended Complaint with prejudice, sanction Plaintiffs' counsel in the form of attorney's fees and costs, and impose additional sanctions as appropriate.  Judge Matthewman reviewed GM Law's motion and recommended that the request for sanctions be denied.  The Court agrees with Judge Matthewman's analysis and will deny GM Law's request for sanctions on those grounds.

Beginning with Count I, the Court finds no possible grounds for sanctions.  As Judge Matthewman pointed out in his recommendation to deny sanctions, GM Law "never

moved to dismiss Count I or moved for judgment on the pleadings with regard to Count I. While Defendant did move for summary judgment as to Count I, that tactical decision by counsel implicitly admits that the Amended Complaint itself was not deficient as pled." (DE [278] at 5).  In light of this procedural history, the Court will not sanction Plaintiffs' counsel as to Count I.

In response to this finding of Judge Matthewman, GM Law requests that this Court defer ruling on its motion for sanctions as to Count I until the merits of the count are adjudicated.  (DE [280] at 7).  It claims that it "intentionally chose to move for summary judgment exclusively as to the statute of limitations issue and not on the actual merits of Count I." (DE [280] at 6).  It therefore seems to argue that once the merits are adjudicated, they will be found meritless, and a finding of sanctions will be warranted.  The Court is unpersuaded.  If the merits of the count were truly sanctionable, by default they should not survive a properly supported summary judgment motion.  Defendant's failure to argue the merits in its summary judgment motion is therefore its implicit concession that sanctions are not warranted.  The Court will therefore decline GM Law's request for sanctions as to Count I.

As to Count II, the Court also finds that sanctions are unwarranted.  As Judge Matthewman points, and this Court agrees, "Count II, at the time the Amended Complaint was filed, was [not] so objectively frivolous or lacking in factual or legal support as to warrant the imposition of Rule 11 sanctions."  (DE [278] at 6).  It may also be poorly drafted, but poorly drafted complaints do not warrant Rule 11 sanctions.  If that were the case, the Court would be handing out Rule 11 sanctions daily.  Accordingly, it is hereby

3

**ORDERED AND ADJUDGED** that the Report & Recommendation (DE [278]) is **AFFIRMED** and **ADOPTED IN WHOLE**. Defendant's Motion for Rule 11 Sanctions (DE [226]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of June 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF